UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

VAN JENKINS,

          Plaintiff,          Case No. 1:22-cv-82

v.                                    Honorable Robert J. Jonker

STATE OF MICHIGAN,

          Defendant.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil action brought by a state prisoner. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff's motion did not comply with the requirements of 28 U.S.C. § 1915; accordingly, the Court entered a deficiency order directing Plaintiff to properly apply for *in forma pauperis* status or pay the filing fee within 28 days. (ECF No. 3.) However, as set forth fully below, because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Therefore, the Court will vacate the deficiency order entered on February 1, 2022. Instead, Plaintiff must pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.*

that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes

rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Jenkins v. Turner et al.*, No. 2:14-cv-14348 (E.D. Mich. Nov. 24, 2014); *Jenkins v. Orchards Children's Servs. et al.*, No. 4:11-cv-13356 (E.D. Mich. Aug. 23, 2012); *Jenkins v. Mich. Dep't of Corr. et al.*, No. 1:96-cv-111 (W.D. Mich. Mar. 4, 1996); *Jenkins v. Schebil et al.*, No. 2:92-cv-72526 (E.D. Mich. Feb. 2, 1993). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at

3

> 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff's pleading alleges that he has been wronged in different ways. Plaintiff styles his initial pleading a "Notice of Removal of Civil Action." (ECF No. 1, PageID.1.) The "Civil Action" was Case No. 21-000218-MP from the Michigan Court of Claims. Plaintiff reports that the action sought compensation under Mich. Comp. Laws § 691.1753 *et seq*., the "Wrongful Imprisonment Compensation Act" (the Act). (*Id*.) That Act permits that "[a]n individual convicted . . . and subsequently imprisoned in a state correctional facility for 1 or more crimes that he . . . did not commit may bring an action for compensation against [the State of Michigan] in the court of claims as allowed by this act." Mich. Comp. Laws § 691.1753. A verified complaint filed under the Act must include documentation that establishes, among other things, that the "judgment of conviction was reversed or vacated and either the charges were dismissed or on retrial the plaintiff was found to be not guilty." Mich. Comp. Laws § 691.1754(1). Plaintiff's action does not satisfy these requirements.

The Michigan Court of Claims did not accept the case for filing. Instead, Judge Christopher M. Murray ordered Plaintiff to pay $137.00 and refile the pleadings within 21 days "to initiate the case." (Mich. Ct. of Claims Order, ECF No. 1-1, PageID.9–10.) Plaintiff reports that he did not have the funds to make the payment; accordingly, he did not comply with the order. On January 14, 2022, the Court of Claims administratively closed the case. *See* Mich. Ct. of

4

Claims Register of Actions, Case No. 21-000218-MP, https://webinquiry.courts.michigan.gov/WISearchResults/ViewPage1?commoncaseid=827992 (last visited Feb. 3, 2022).  Plaintiff contends that the Court of Claims mishandled his suit and the filing fee issue.  Those wrongs are also part of Plaintiff's allegations in this Court.

Neither Plaintiff's claims relating to his wrongful incarceration nor his claims relating to the mishandling of his lawsuit in the Michigan Court of Claims allege any physical injury, imminent or otherwise.  Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00.  When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A.  If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:   February 8, 2022          /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**